OPINION
{¶ 1} Defendant-Appellant, David Steinbrunner ("Appellant"), appeals a judgment of conviction by the Celina Municipal Court for persistent disorderly conduct, in violation of R.C. 2917.11(A)(2), a fourth degree misdemeanor. On appeal, Appellant contends that the trial court's judgment was against the manifest weight of the evidence and that the court erred by not allowing him to recall the investigating officer to the stand. However, based upon the evidence at trial, we cannot find that the trial court clearly lost its way or that there was a manifest miscarriage of justice. Additionally, because Appellant thoroughly cross-examined the investigating officer during the State's case-in-chief and because any discrepancy in the testimony of the witnesses was apparent, the trial court did not abuse its discretion in refusing to allow Appellant to recall the witness. Therefore, we affirm the decision of the trial court.
 {¶ 2} Appellant opened The Hole in the Wall Recreation Center in October 2001. The facility is used as a teen center and offers dancing, arcade games, and food. Since its inception, surrounding neighbors have complained to authorities and Appellant about the level of music emanating from the establishment. Shortly after opening the center, Appellant received a citation and was fined for disorderly conduct because of excessive noise levels.
 {¶ 3} In response to continued complaints about the music, the Sheriff conducted a community meeting in December 2001. The Sheriff subsequently sent Appellant a warning letter explaining that if "substantiated complaints about the noise level of your business continue" an arrest will be made for violation of R.C. 2917.11, disorderly conduct. Appellant contends that he complied by making necessary adjustments to the music volume, including disengaging the bass.
 {¶ 4} On the evening of February 9, 2002, the police received a complaint from a neighbor of the recreation center claiming that the music emanating there from, primarily the bass tones, were unreasonably loud. The complainant stated that the noise rattled her windows, forced her to raise the volume of her television in order to hear it, and made conversation with her husband difficult. Other neighbors claimed that the music shook their children's beds, awakening them and forcing them into other rooms of the residence to sleep. Testimony indicated that the volume levels were adjusted to a reasonable level after approximately one hour and prior to police arrival.
 {¶ 5} Following the February 9, 2002 complaints, a warrant was issued and Appellant was arrested for violation of 2917.11(A)(2), disorderly conduct, a fourth degree misdemeanor. A trial on the matter was held on July 2, 2002. After a finding of guilty by the trial court, Appellant was ordered to pay costs and a one hundred dollar fine. From this conviction and sentence, Appellant appeals, asserting three assignments of error for our review. Because his first and second assignments are interrelated, we will address them together.
Assignment of Error I
 The lower court erred in failing to apply the proper culpable mental standard of recklessness.
 Assignment of Error II
 The lower court's finding was against the manifest weight of the evidence.
 {¶ 6} In his first assignment of error, Appellant initially seems to contend that the trial court did not consider whether he acted recklessly, the applicable mental state and an element necessary for a finding of guilty herein. However, in its journal entry the trial court explicitly states that "the state has proven each and every essential element of the charge and as such defendant is found in violation." Accordingly, we will presume that the court considered the required mental state of recklessness.
 {¶ 7} Appellant alternatively argues in his first assignment of error that the finding of recklessness was against the weight of the evidence. Additionally, in his second assignment of error, Appellant argues that the trial court's finding of guilt was against the manifest weight of the evidence because the state failed to show that Appellant was responsible for the unreasonable noise.
 {¶ 8} Appellant was found guilty of violating R.C. 2917.11(A)(2), which states:
 (A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 * * *
 (2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person[.]
 {¶ 9} The Revised Code defines reckless behavior as the following:
 [a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
 {¶ 10} In determining whether a conviction is against the manifest weight of the evidence, an appellate court must review the record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[1] An appellate court should grant a new trial only in an exceptional case "where the evidence weighs heavily against the conviction."[2] In addition, "[a] conviction is not against the manifest weight of the evidence merely because there is conflicting evidence[,]"[3] as the weight of the evidence and the credibility of the witnesses are primarily for the trier of facts.[4]
 {¶ 11} Appellant claims that the music was turned down to a reasonable level, the bass had been disconnected, that he actively monitored the sound level on the night in question, and, that prior thereto, he discussed the volume with surrounding neighbors to ensure the levels were reasonable. However, as the trial court noted, despite Appellant's efforts, the evidence supports a finding that on the night in question, the sound levels, particularly the bass tones, were unreasonably loud and inconvenienced and annoyed the surrounding neighbors for approximately an hour.
 {¶ 12} Notably, Appellant was provided a warning letter from the Sheriff's office prior to the February 9th incident, informing him that subsequent complaints would result in his arrest. Additionally, testimony establishes that the music shook one neighbor's entire home and their children's beds while they were sleeping, resulting in their being awakened. Other complainants testified that they could not hear each other speak or hear the television inside their residence and that their windows rattled. Aerial photos of the surrounding area depict that these neighbors are not directly next to the recreation center. While Appellant attempted to raise an inference that the music was coming from cars in his parking lot, the evidence does not provide a clear indication that loud music from the parking lot was being played on February 9, 2002, or that it was being played at the time of the complaints. Additionally, while Appellant has since installed insulation to muffle the sound, such alterations were not in place at the time in question.
 {¶ 13} Based upon the foregoing, we cannot say that this case presents exceptional circumstances justifying a new trial. While some conflicting testimony was presented, the trial court was free to ascertain the credibility of the witnesses. In so doing, the court found that Appellant recklessly caused inconvenience, annoyance, or alarm to the surrounding neighbors by making unreasonable noise. We find nothing in the record to overcome these findings or lead us to conclude that the trial court clearly lost its way or that there was a manifest miscarriage of justice. Accordingly, Appellant's first and second assignments of error are overruled.
Assignment of Error III
 The lower court erred by unduly restricting Defendant-Appellant's right to defend by the cross examination of witnesses when it denied request [sic] to recall a witness to the stand.
 {¶ 14} For his final assignment of error, Appellant maintains that the trial court erred in refusing to permit him to recall the investigating officer to the stand at the end of his case-in-chief. Specifically, Appellant contends that recalling the officer was necessary to establish inconsistencies in the testimony of the witnesses complaining about the noise levels from Appellant's establishment and whether the officer took statements from neighbors who did not testify at trial.
 {¶ 15} "The recall of a witness is within the sound discretion of the trial court."[5] Thus, unless the trial court's decision was unreasonable, arbitrary, or unconscionable, an appellate court will not disturb the decision.[6]
 {¶ 16} The trial court in this case did not abuse its discretion in refusing to allow Appellant to recall the investigating officer. Defense counsel had thoroughly cross-examined the officer during the State's case-in-chief and any questions regarding additional surrounding neighbors could have been asked at that time. Furthermore, any discrepancy in the witnesses' testimony would be apparent without additional testimony from the officer. Additional impeachment was therefore unnecessary.
 {¶ 17} For these reasons, Appellant's third assignment of error is overruled.
 {¶ 18} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, P.J., and SHAW, J., concur.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52; State v. Martin (1983), 20 Ohio App.3d 172, 175; State v. Otten (1986),33 Ohio App.3d 339, 340.
[2] Thompkins, 78 Ohio St.3d at 387; Martin,20 Ohio App.3d at 175.
[3] State v. Haydon (Dec. 22, 1999), Summit App. No. 19094, citingState v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757.
[4] State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
[5] State v. Braxton (Sept. 26, 2002), Cuyahoga App. No. 80663, 2002-Ohio-5072, quoting State v. Spirko (1991), 59 Ohio St.3d 1,28.
[6] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.